WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| COBIZ BANK, a Colorado Corporation doing business as ARIZONA BUSINESS BANK,<br><br>    Plaintiff,<br><br>vs.<br><br>GRACE CAPITAL, L.L.C., et al.,<br><br>    Defendants. | No. CV-09-1021-PHX-GMS<br><br>**ORDER** |

Plaintiff's Verified Complaint and Application for Provisional Remedy With Notice (Dkt. # 2) sets forth under oath that Plaintiff Arizona Business Bank is authorized to do business in Arizona. It further asserts that "the contracts out of which Plaintiff's claims arise were formed and to be performed in, and provide for jurisdiction and venue in Maricopa County, Arizona." The Defendants are for the most part Arizona residents. Yet, the Plaintiff's basis for asserting jurisdiction is diversity.

While the Court understands that Arizona Business Bank is incorporated in Colorado, corporations incorporated in one state, but having their principal place of business in another are deemed to be citizens of both states. They can bring an action against Defendants in diversity only if no opposing party is a citizen of either state. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491-92 (9th Cir. 1972).

The Court is required to determine its own jurisdiction. "[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Because the Plaintiff is the Arizona Business Bank, and because it entered into the contracts that are the subject matter of this complaint in Maricopa County, Arizona, it seems likely that Plaintiff's principal place of business is Arizona. If this is the case, then the Court has no jurisdiction over this complaint. Therefore,

**IT IS HEREBY ORDERED** that **within ten (10) days** from the date of this Order, Plaintiff Arizona Business Bank shall file a memorandum with this Court setting forth all of the branch locations of the Arizona Business Bank, and further setting forth any facts or argument that would otherwise establish that Plaintiff's principal place of business is other than in this state. Defendants may respond thereto in the time set forth by the rules.

DATED this 30th day of June, 2009.

_____
G. Murray Snow
United States District Judge